UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**IDS PROPERTY CASUALTY**
**INSURANCE COMPANY,**

        Plaintiff,

                              No. 2:13-cv-11233
vs.                             Hon. Gerald E. Rosen

**FRANO KASNECI**,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO**
**DISMISS PLAINTIFF'S COMPLAINT**

**I. INTRODUCTION**

On March 20, 2013, Plaintiff IDS Property Casualty Insurance Company filed a three-count Complaint arising out of a settlement agreement it entered into with Defendant Frano Kasneci for certain benefits to cover injuries Defendant sustained during an automobile accident. Plaintiff contends that Defendant is not as injured as he claimed to be and therefore seeks relief from this Court in the form of a declaratory judgment, as well as the recovery of certain payments under the theories of mistake of fact and unjust enrichment. Defendant has now moved to dismiss Plaintiff's Complaint, asserting jurisdictional and factual defects. Having reviewed and considered Defendant's Motion and supporting briefs, Plaintiff's

1

response thereto, and the entire record of this matter, the Court has determined that the relevant allegations, facts, and legal arguments are adequately presented in these written submissions, and that oral argument would not aid the decisional process. Therefore, the Court will decide this matter "on the briefs." See Eastern District of Michigan Local Rule 7.1(f)(2). This Opinion and Order sets forth this Court's decision.

## II. FACTUAL BACKGROUND

Defendant sustained various injuries in a 2007 automobile accident. (Plf's Compl., Dkt. # 1, at ¶ 6). Plaintiff is the insurance carrier responsible for providing Personal Injury Protection Benefits pursuant to Michigan's No Fault Act. (*Id.*). Defendant sued Plaintiff in Macomb County Circuit Court in 2009 and the parties reached an out-of-court settlement. Effective April 20, 2012, the parties entered into a subsequent settlement agreement (Settlement Agreement), which forms the basis of this current litigation.

The Settlement Agreement requires Plaintiff to continue to provide certain no-fault Personal Injury Protection Benefits through April 19, 2014. (Ex. 1 to Plf's Compl., Dkt. # 1-1). It calls for Plaintiff to pay Defendant $7,194.66 per month to cover the costs of a home health care attendant and transportation. (*Id.* at 2-3). The Settlement Agreement also provides that Plaintiff will pay for a health club membership in lieu of physical therapy, as well as for "other medical care and

expenses" relating to his automobile accident. (*Id.* at 3-4). Plaintiff entered into this Settlement Agreement based upon Defendant's allegations of continued disability -- manifesting as "seizure activity, angry outbursts, and a variety of physical ailments upon which [Defendant] claims the need for attendant care provided by his wife" -- and his various physicians' diagnoses and orders. (Plf's Compl., Dkt. # 1, at ¶ 10). More specifically, it "entered into the 'Settlement Agreement' . . . based upon the allegations by [Defendant] that he required 21-hours of attendant care per day,[1] continued medical payments, health club benefits, and transportation and medication." (*Id.* at ¶ 16(a)).

Plaintiff now claims that Defendant did not actually require these benefits, or alternatively, that his condition changed such that the change nullified its obligation to continue providing these benefits. After entering into this Settlement Agreement, Plaintiff conducted surveillance on Defendant's activities. (*Id.* at ¶ 12). The surveillance videos -- from September 2012 -- show that Defendant engaged in conduct that "his physicians had indicated that he was incapable of

---

[1] Plaintiff asserts Defendant requires 21-hours a day of supervised attendant care. (Plf's Compl., Dkt. # 1, at ¶¶ 13, 16). Defendant disputes this number, asserting that the Settlement Agreement "provides for 18 hours of attendant care per day." (Def's. Br., Dkt. # 3, at 3). The Settlement Agreement does not specify the amount of hours per day that Defendant is to receive attendant care, and rather only provides that Plaintiff is to pay for 128-hours per week of such care. (Ex. 1 to Plf's Compl., Dkt. # 1-1, at 2). Due to the procedural posture of this case, the Court need not resolve this factual dispute as the Court must take Plaintiff's factual assertions as true.

doing:" driving by himself and "conducting his own activity without supervision." (*Id.*).

Based upon this new knowledge, Plaintiff points to two provisions of the Settlement Agreement to form the basis of its Complaint: the provision covering "other medical care and expenses;" and the provision providing for a "substantial change in circumstances." Each are set forth below:

### OTHER MEDICAL CARE AND EXPENSES

> Defendant . . . shall remain liable for and continue to pay any and all reasonable medical expenses incurred for the care, treatment, rehabilitation and accommodation of Kasneci in accordance with the Michigan No-Fault Act, as may be reasonably necessary and arising as a result of the automobile accident of March 20, 2007 and further shall continue to pay for, by way (sic) illustration but not limitation, psychiatric services by Dr. Anthony Petrilli and/or Dr. Charles Jax and such other medical providers as are reasonable and necessary.
>
> Defendant . . . shall be required to pay only the usual and customary fees for the above.
>
> The expenses for medical care as above described may be presented for payment by either the provider or Kasneci and paid directly to the provider. These expenses shall be reviewed and paid only as to injuries related to the accident and handled in the ordinary course of business with each party retaining their rights, responsibilities, and defenses provided by the Michigan No-Fault Act.

\* \* \*

### SUBSTANTIAL CHANGE IN CIRCUMSTANCES

> It is understood and agreed between the parties that if a substantial change in Kasneci's medical circumstance occurs including but not limited to death, hospitalization, institutionalization, the Agreement to

> pay benefits for the next (2) years, as outlined in this paragraph shall no longer be in effect for that period of time that said change and circumstance shall continue.

(Ex. 1 to Plf's Compl., Dkt. # 1-1, at 3-4). In short, Plaintiff alleges that there has been a substantial change in Defendant's medical circumstances, as well as challenges the factual grounds under which Plaintiff entered into the Settlement Agreement. Accordingly, Plaintiff has stopped paying the monthly benefits for home health attendant care and transportation as of the end of March 2013. (Plf's Compl., Dkt. # 1, at ¶ 12; Def's Br., Dkt. # 3, at 5).

Plaintiff's Complaint seeks declaratory relief, requesting that this Court find a substantial change in Defendant's medical circumstances and set aside the Settlement Agreement. (Plf's Compl., Dkt. # 1, at ¶ 16(d)). It also seeks to recoup certain payments under the theories of mistake of fact and unjust enrichment, claiming "that the factual circumstances surrounding the representations necessary to enter into that agreement were not fully understood . . . and, in fact, did not exist" and that Plaintiff's "payment[s . . . to Defendant were] premised upon the misrepresentation by [Defendant] of his condition to his treating physicians and the diagnos[e]s arising therefrom based upon those misrepresentations." (*Id.* at ¶¶ 22, 27). Defendant has now moved to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), arguing that: (1) this Court does not have subject matter jurisdiction; (2) this Court should decline to exercise

jurisdiction over Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act; and (3) Plaintiff has not stated a claim for declaratory relief.[2] For the reasons set forth below, the Court DENIES Defendant's Motion.[3]

### III. DISCUSSION

A.   Applicable Standards

1.   12(b)(1) Standard

"When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Madison–Hughes v. Shalala,* 80 F.3d 1121, 1130 (6th Cir. 1996). A district court may "resolve factual disputes when necessary to resolve challenges to subject

---

[2] Concurrent with filing his instant Motion in this matter, Defendant filed a complaint in Macomb County Circuit Court against Plaintiff. (Ex. E to Def's Br., Dkt. # 3-5). The state court complaint appears to assert a breach of contract claim, requesting that the state court require Plaintiff to pay Defendant under the terms of the Settlement Agreement and enter "a [t]emporary injunction for the immediate payment of no-fault [h]ome attendant health benefits from March 20, 2013 [to the present.]" (*Id.* at 7). Less than two months later, on June 18, 2013, the parties dismissed the state court complaint without prejudice pending resolution of this Motion.

[3] The Court would be remiss to not point out that Defendant's papers do not comply with several of this Court's Local Rules governing the Filing of Papers and Motion Practice: They use a font smaller than permitted and are not double-spaced; the Brief does not begin on a new page after the motion and does not present a controlling or most appropriate authority; the Reply is nearly twice as long as permitted; and Defendant did not indicate whether it sought Plaintiff's concurrence in the relief sought. Eastern District of Michigan Local Rules 5.1(a)(2-3), 7.1(a), 7.1(d)(1-3). Defendant and his counsel are cautioned to comply with the Local Rules when filing any further motions before this Court. Failing to do so may lead to fines or other sanctions.

6

matter jurisdiction." *Id.* Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994). A facial attack on subject matter jurisdiction goes to whether the plaintiff has properly alleged a basis for subject matter jurisdiction, and the trial court takes the allegations of the complaint as true. *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir. 1990). A factual attack is a challenge to the factual existence of subject matter jurisdiction. No presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. *Ritchie,* 15 F.3d at 598. In matters regarding subject matter jurisdiction, the court may look to evidence outside the pleadings. *Nichols v. Muskingum Coll.,* 318 F.3d 674, 677 (6th Cir. 2003).

### 2. 12(b)(6) Standard

In deciding a motion brought under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to Plaintiffs and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). To withstand a motion to dismiss, however, a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations in the complaint, accepted as true,

"must be enough to raise a right to relief above the speculative level," and must "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for defendant's conduct." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013).

The Sixth Circuit has emphasized that the "combined effect of *Twombly* and *Iqbal* [is to] require [a] plaintiff to have a greater knowledge . . . of factual details in order to draft a 'plausible complaint.'" *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (citation omitted). Put another way, complaints must contain "plausible statements as to when, where, in what or by whom," *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 373 (6th Cir. 2011), in order to avoid merely pleading an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

**B.     This Court has subject matter jurisdiction**

Plaintiff asserts jurisdiction is proper on the basis of diversity pursuant to 28 U.S.C. § 1332(a). There is no dispute that the parties are diverse, but Defendant argues that Plaintiff cannot satisfy § 1332(a)'s amount in controversy requirement

for diversity jurisdiction. As set forth below, the Court finds that it has jurisdiction over this matter.

When determining the amount in controversy, the general rule is that "the sum claimed by the plaintiff controls." *Everett v. Verizon Wireless, Inc.,* 460 F.3d 818, 822 (6th Cir. 2006) (citation and alteration omitted). In actions seeking declaratory judgment, it is well-settled that courts "measure the amount in controversy by 'the value of the object of the litigation.'" *Northup Prop., Inc. v. Chesapeake Appalachia, L.L.C.,* 567 F.3d 767, 770 (6th Cir. 2009) (quoting *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977)). The Sixth Circuit has interpreted this to mean that "[w]here a party seeks a declaratory judgment, the amount in controversy is not necessarily the money judgment sought or recovered, but rather the value of the consequences which may result from the litigation." *Freeland v. Liberty Mut. Fire Ins. Co.,* 632 F.3d 250, 253 (6th Cir. 2011) (citations and quotations omitted and alteration in original). Though the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, is a federal statute, it is well-settled that it "does not create an independent basis for federal subject matter jurisdiction[. . . . It] only provides courts with discretion to fashion a remedy. Thus, before invoking the [Declaratory Judgment] Act, the court must have jurisdiction already." *Heydon v. MediaOne of SE Mich.*, 327 F.3d 466, 470 (6th Cir. 2003) (internal citation omitted).

The Settlement Agreement here required Plaintiff to make monthly payments for a home health care attendant and transportation costs in the amount of $7,194.66 from April 20, 2012 through April 19, 2014, plus additional payments for Defendant's health club membership and reasonable medical expenses. Defendant argues that the dates Plaintiff conducted surveillance (September 20, 2012) and stopped paying benefits (end of March 2013) bookend Plaintiff's potential recovery and therefore define the amount in controversy. (Def's Br., Dkt. # 3, at 8). Under Defendant's theory, the amount in controversy in this case can be determined by multiplying Plaintiff's monthly payments by six (the total number of payments during this time period). This amounts to $43,167.96.[4]

Defendant's position, however, is meritless. If Plaintiff prevails on its declaratory count alone, it will receive a declaration that it is not obligated to make any payments under the Settlement Agreement after it filed its Complaint on March 20, 2013. This means that Plaintiff would not need to make 13 additional payments, spanning from when it stopped payment (March 2013) through when it was obligated to make payments (April 2014). In total, this amounts to $93,530.58, well over 28 U.S.C. § 1332(a)'s jurisdictional requirement.

Indeed, Defendant admits as much, stating that "[Plaintiff] will likely argue that their claim is for the entire contract, which can and will exceed the amount in

---

[4] Defendant's brief asserts that this number is $43,767.96 (Def's Br., Dkt. # 3, at 8), but $7,194.66 multiplied by 6 equals 43,167.96.

controversy." (*Id.* at 9). Citing *State Farm Mutual Automobile Insurance Company v. Narvaez*, 149 F.3d 1269 (10th Cir. 1998), Defendant argues that "[c]ourts typically do not include speculative future claims under an insurance policy, or in this case, a settlement agreement, when determining the amount in controversy." (Def's Br., Dkt. # 3, at 9). *Narvaez* does not so hold, and rather just addressed, in relevant part, whether State Farm could aggregate claims for medical payments under a capped insurance policy of $50,000 to get to 28 U.S.C. 1332(a)'s statutory threshold. 149 F.3d at 1272. The Tenth Circuit declined to find jurisdiction, reasoning that the claim for medical payments was both abandoned and not adequately pled so as to "determine what the medical payments were for, why the medical payments were overdue, how long the payments were overdue, or, most importantly for jurisdictional purposes, the amount of payments that were overdue and upon which interest purportedly accrued." *Id.*

Here, the future payments between April 2013 and April 2014 are not speculative -- they are definite contractual obligations. Moreover, the Sixth Circuit has noted that "[t]he clear federal rule is that 'where the validity of an insurance policy containing disability benefit provisions is involved in a diversity action in a federal district court, future potential benefits *may be considered* in computing the requisite jurisdictional amount.'" *Massachusetts Cas. Ins. Co. v. Harmon*, 88 F.3d 415, 416 (6th Cir. 1996) (citation omitted and emphasis added). Therefore, to the

11

extent the future monthly payments -- as well as those for other medical treatment -- are speculative, this Court may consider such future obligations because Plaintiff essentially challenges the validity of the Settlement Agreement. *See also Allstate Prop. Cas. Ins. Co. v. Hatch*, 2013 WL 2626782, at * 4 (E.D. Mich. June 11, 2013) (Duggan, J.) (in insurance indemnity dispute, "[t]he 'value of the consequences which may result from the litigation -- that is, the monetary consequences that would result from a' declaration by this Court -- is the difference between no coverage and $100,000 in coverage") (citing *Freeland*, 632 F.3d at 253); *Flores v. Dairyland Ins. Co.*, 2008 WL 162593 (E.D. Mich. Jan. 17, 2008) (Duggan, J.) (in action to recover No-Fault benefits, court had jurisdiction over request for declaratory judgment where "home modification expenses alone exceed[ed] the $75,000 jurisdictional limit").[5]

Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

---

[5] There is also an independent jurisdictional anchor that satisfies the amount in controversy threshold. Plaintiff's mistake of fact and unjust enrichment counts seek to recover payments it made to Defendant from April 2012 through March 2013. These payments -- which include not only payments for a home health care attendant and transportation, but also for other medical expenses -- well exceed $75,000. (Ex. 4 to Plf's Resp., Dkt. # 7-5). Plaintiff asserts this number totals $241,898.34. This number includes, however, payments that were apparently made prior to the Settlement Agreement's effective date of April 20, 2012. (*Id.* at 1-6). Omitting these prior payments does not reduce the total amount paid during this time period to $75,000 or below.

**C.    The Court will adjudicate Plaintiff's request for a declaratory judgment**

Plaintiff's First Count requests declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*  This Act provides, in relevant part, that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."  28 U.S.C. § 2201(a).  In providing that a court "may declare the rights and other legal relations of any interested party seeking such declaration," the Act confers "substantial discretion" to courts "in deciding whether to declare the rights of litigants."  *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 969 (6th Cir. 2000) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995)).  A court possesses this discretion "even when the suit otherwise satisfies subject matter jurisdictional prerequisites."  *Adrian Energy Assocs. v. Mich. Pub. Serv. Comm'n*, 481 F.3d 414, 421 (6th Cir. 2007) (citation omitted).  Congress, in other words, "created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants."  *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554 (6th Cir. 2008) (citation omitted).

"In considering whether a district court properly exercised this discretion, [the Sixth Circuit] ha[s] focused on the five factors first articulated in *Grand Trunk*

*[Western Railroad] Co. v. Consol. Rail. Corp.*[, 746 F.2d 323, 326 (6th Cir. 1984)]:

> (1) whether the declaratory action would settle the controversy;
>
> (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;
>
> (3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for res judicata;'
>
> (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and
>
> (5) whether there is an alternative remedy which is better or more effective."

*Flowers*, 513 F.3d at 554 (*quoting Grand Trunk*).

Analysis of these factors, however, is not necessary. Plaintiff's Complaint asserts two additional claims other than the request for declaratory relief: Mistake of fact and unjust enrichment. The presence of these additional claims dictates a finding that dismissing Plaintiff's declaratory relief request would not be in the interest of judicial economy. As the Sixth Circuit explained in *Adrian Energy*:

> When a plaintiff seeks relief in addition to a declaratory judgment, such as damages or injunctive relief, both of which a court *must address,* then the entire benefit derived from exercising discretion not to grant declaratory relief is frustrated, and a stay or dismissal would not save any judicial resources. The claims in this case for which declaratory relief is requested and those for which injunctive relief is requested are so closely intertwined that judicial economy counsels

14

> against dismissing the claims for declaratory judgment relief while adjudicating the claims for injunctive relief.

481 F.3d at 422-23. The same is true here. This Court *must address* Plaintiff's other claims independent of Plaintiff's action under the Declaratory Judgment Act. Accordingly, because Plaintiff's request for declaratory relief is so closely intertwined with its other claims, "judicial economy counsels against dismissing the claim[] for declaratory relief while adjudicating the claims for [mistake of fact and unjust enrichment.]" *Id.*[6] *See also McKeen v. Cont'l Cas. Co.*, 2010 WL 3325200, at *3 (E.D. Mich. Aug. 19, 2010) (Duggan, J.) (*citing Adrian Energy*, holding that "[b]ecause Plaintiffs' complaint seeks relief outside of a declaratory judgment, the Court finds that dismissal and/or abstention is not warranted"); *Emp'rs Mut. Cas. Co. v. Reilly Plating Co.*, 2008 WL 4757315, at *5 (E.D. Mich. Oct. 29, 2008) (Lawson, J.) (finding that although the applicable factors weighed in favor of dismissing the declaratory judgment action, the presence of a counterclaim meant that "there [was] no reason not to exercise discretion in favor of jurisdiction on the declaratory judgment matter").

---

[6] In *Adrian Energy*, the Sixth Circuit suggested that in such cases, "*abstention* provides the preferable ground on which to decline reaching the merits of the case." *Id.* (emphasis added). Neither party raised the issue of abstention and the Court declines to do so because it is not appropriate here: A state action was neither pending at the time Plaintiff filed its Complaint, nor is one currently pending.

**D.    Defendant's 12(b)(6) Motion**

The grounds for Defendant's 12(b)(6) motion are not apparent to this Court. He, for example, states that Plaintiff's "claim for declaratory relief is thinly hinged upon the alleged surveillance and the provision of the agreement that recognizes a 'change in the medical condition' of [Defendant.]" (Def's Br., Dkt. # 3, at 7). Defendant then makes substantive challenges to Plaintiff's claim, asserting that "[t]he [P]laintiff . . . has no documents, affidavits, verified statement[s], records, independent medical examination[s] or offers of proof to bolster their (sic) claim for a change in the [D]efendant's medical condition." (*Id.*) Stated differently, Plaintiff "has hedged their (sic) entire case upon surveillance of Kasnici (sic) operating a vehicle on two occasions, without even looking into the medical documentation, which would quickly have corroborated Kasnici's (sic) driving as a willful and obstinate behavior consistent with his brain injury and the resulting mood disorder." (*Id.* at 4).

It is clear to this Court that Defendant's counsel fundamentally misunderstands the procedural differences between Rule 12(b)(6) and Rule 56.[7]

---

[7] The Court notes that Defendant filed a variety of documents that dispute the underlying *merits* of Plaintiff's factual claims. For example, Defendant filed a "Supplemental Brief in Support of Defendant's Motion to Dismiss Plaintiff's Complaint" before Plaintiff had an opportunity to file a Response to Defendant's Motion. (Def's Supp. Br., Dkt. # 6). The Supplemental Brief requests that the Court take notice of two documents that Defendant claims contradict Plaintiff's factual assertions. (Exs. 1 & 2 to Def's Supp. Br., Dkt. ## 6-1, 6-2). According to

Whether Plaintiff will be able to offer sufficient proof through appropriate documentary evidence is only relevant to a motion under the latter rule. Under Rule 12(b)(6), this Court must accept Plaintiff's allegations *as true* and the facts set forth in Plaintiff's Complaint are more than adequate to plausibly state a claim for declaratory relief.[8] That Defendant believes Plaintiff's claims are implausible due to other factors -- i.e., the material he submits outside the Complaint -- is simply not an argument this Court can consider when evaluating a Rule 12(b)(6) motion. Accordingly, and to the extent Defendant's Motion argues that Plaintiff has not stated a claim for declaratory relief, Defendant's argument is without merit.

## IV. CONCLUSION

For all of the foregoing reasons,

---

Defendant, these documents "clearly indicate that [Plaintiff] was well aware of [Defendant]'s condition . . . when [Defendant] was negotiating the settlement." (Def's Supp. Br., Dkt. # 6, at 2; *see also* Ex. F to Def's Br., Dkt. # 3-6; Exs. 2a, 2b, & 3 to Def's Reply, Dkt. ## 9-2, 9-3, 9-4). This may be the case, but the procedural posture of Defendant's Rule 12(b)(6) motion requires that this Court accept Plaintiff's allegations as true and disregard these materials as outside the Complaint so as to not convert Defendant's motion to a Rule 56 motion pursuant to Rule 12(d). *Kostrzewa v. City of Troy,* 247 F.3d 633, 643-44 (6th Cir. 2001); *Weiner v. Klais & Co.,* 108 F.3d 86, 88 (6th Cir. 1997).

[8] Defendant's papers do not apparently challenge the pleading sufficiency of Plaintiff's other counts. To the extent Defendant's Reply asserts that Plaintiff was required to pursue its remedies under Michigan Court Rule 2.612 (Def's Reply, Dkt. # 9, at 5-7) (*citing Triplett v. St. Amour*, 444 Mich. 170 (1993)) and therefore cannot assert its claims for mistake of fact and unjust enrichment, the Settlement Agreement here is an independent agreement that was not entered into to dismiss pending litigation. Plaintiff has sufficiently pled these claims.

IT IS HEREBY ORDERED that Defendant Frano Kasneci's Motion to Dismiss Plaintiff's Complaint [Dkt. # 3] is DENIED.

**IT IS SO ORDERED.**

Dated:  February 7, 2014                    s/Gerald E. Rosen
                                            GERALD E. ROSEN
                                            CHIEF, U.S. DISTRICT COURT


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 7, 2014, by electronic and/or ordinary mail.

                                            s/Julie Owens
                                            Case Manager, 313-234-5135