UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**IDS PROPERTY CASUALTY**
**INSURANCE COMPANY,**

              Plaintiff,

                                                                    No. 2:13-cv-11233
vs.                                                               Hon. Gerald E. Rosen

**FRANO KASNECI**,

              Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO FILE**
**<u>COUNTER COMPLAINT</u>**

      Plaintiff IDS Property Casualty Insurance Company filed a three-count Complaint on March 20, 2013 arising out of a settlement agreement it entered into with Defendant Frano Kasneci for certain benefits to cover injuries Defendant sustained during an automobile accident. (Plf's Compl., Dkt. #1). On April 29, 2013, Defendant moved to dismiss Plaintiff's Complaint, asserting that this Court lacked subject-matter jurisdiction and that Plaintiff failed to state a claim for relief. (Def's Mtn., Dkt. # 3). That same day, Defendant also answered Plaintiff's Complaint (Def's Ans., Dkt. # 4) and filed a complaint in Macomb County Circuit Court against Plaintiff. (Ex. E to Def's Br., Dkt. # 3-5). The parties subsequently

1

dismissed the state court complaint without prejudice pending resolution of Defendant's Motion to Dismiss.

After this Court denied Defendant's Motion to Dismiss (Dkt. # 10), Defendant moved to file a counter complaint -- one that is similar to the now dismissed state court complaint. (Dkt. # 17). There is no question that Defendant's counterclaims are compulsory under Federal Rule of Civil Procedure 13(a)(1)(A). His two causes of action, breach of contract and declaratory judgment (Def's Countercl., Dkt. # 16), are rooted in the parties' April 20, 2012 Settlement Agreement that sits at the center of Plaintiff's Complaint. Defendant even admits as such. (Def's Mtn., Dkt. # 17, at 3). According to Defendant, he did not file the counter complaint concurrently with his answer because he "challenged [this Court's] jurisdiction and now that the jurisdictional question is resolved, [D]efendant should [be permitted to] include and plead all counter claims." (*Id.* at 2).

Under Rule 15, a party may amend a pleading before trial as a matter of course (Fed. R. Civ. P. 15(a)(1)), with the opposing party's written consent (Fed. R. Civ. P. 15(a)(2)), or by leave of the Court. (*Id.*). Rule 15(a)(2) makes clear that a "court should freely give leave when justice so requires." *Id.* "The decision as to when 'justice requires' an amendment is within the discretion of the trial judge." *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (citation and

alteration omitted). A Court should deny leave "in instances of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013) (citation omitted). An amendment is futile if it would not survive a Rule 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 420 (6th Cir. 2000).

Here, Defendant may only amend his Answer to add the counterclaims with leave of this Court because he is well beyond the deadline for amendment as a matter of course and Plaintiff has not provided written consent. Plaintiff's only objection to Defendant's proposed counterclaims is futility, arguing that Defendant's two causes of action -- breach of contract and declaratory relief -- are "the foundation of the claim that is pending before the Court which has been presented by the Plaintiff." (Plf's Resp., Dkt. # 20, at 8). They are, according to Plaintiff, "futile in the sense that this Court will already dispose of all of the issues based upon the Plaintiff's complaint and request for declaratory relief." (*Id*. at 8-9). Importantly, Plaintiff does not argue futility in the sense that Defendant's Counter Complaint fails to state a claim for relief.

There is no disputing that the material facts at play in this litigation will likely revolve around the nature of Defendant's past and current physical limitations, as well as what the parties knew at the time that they entered into the settlement agreement at issue in this litigation. Under Plaintiff's version of these facts, Defendant is not as injured as he claimed (or claims) to be. Plaintiff therefore requests that this Court: (1) enter a declaratory judgment setting aside the settlement agreement; and (2) enter judgment against Defendant to recover a certain number of payments Plaintiff made to Defendant under the theories of mistake of fact and unjust enrichment. (Plf's Compl., Dkt. #1). Under Defendant's version of these facts, Plaintiff refused to provide Defendant with certain benefits pursuant to the settlement agreement. Defendant's Counter Complaint therefore requests that this Court: (1) enter a declaratory judgment finding that the settlement agreement is binding; and (2) enter a judgment against Plaintiff for breaching the settlement agreement. (Def's Countercl., Dkt. # 16).

That the parties essentially rely upon the same -- though disputed -- factual circumstances to support their respective claims against each other cannot mean that Defendant's counterclaims are futile. Holding otherwise would mean that any compulsory counterclaim not brought at time of service would be futile. Here, both parties request separate (though related) relief from this Court. A determination on one parties' requested relief will not, as Plaintiff claims, just

4

"echo[] and restate" a determination on the others' requested relief. (Plf's Resp., Dkt. # 20, at 8). Defendant's Counter Complaint is not futile. And, none of the other factors referenced above that weigh in favor of denying leave are present in this case. Consequently, and given that "Rule 15 plainly embodies a liberal amendment policy," *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002), justice requires that Defendant be permitted to amend his Answer to add his counterclaims.

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendant Frano Kasneci's Motion to File Counter Complaint [Dkt. # 17] is GRANTED.

IT IS FURTHER ORDERED that Defendant Frano Kasneci may amend his answer to add his counterclaims by no later than twenty-one days after entry of this order.

**IT IS SO ORDERED.**


Dated: May 6, 2014         s/Gerald E. Rosen
                           Chief Judge, United States District Court


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 6, 2014, by electronic and/or ordinary mail.

                           s/Julie Owens
                           Case Manager, (313) 234-5135