UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IDS PROPERTY CASUALTY
INSURANCE COMPANY,

    Plaintiff/Counter-Defendant,        Case No. 13-11233

v.                                                Honorable John Corbett O'Meara

FRANO KASNECI,

    Defendant/Counter-Plaintiff.
_____/

## ORDER GRANTING MOTION TO CONSOLIDATE

This matter came before the court on plaintiff/counter-defendant IDS Property Insurance Company's March 7, 2017 motion to consolidate cases. Defendant/Counter-Plaintiff Frano Kasneci filed a response March 20, 2017; and IDS filed a reply brief March 27, 2017. Pursuant to Local Rule 7.1 (f)(2), no oral argument was heard.

## BACKGROUND FACTS

IDS Property Casualty Insurance Company ("IDS") filed this action March 20, 2013, seeking to enforce a settlement agreement entered into by the parties that had previously sought to resolve at least a portion of Franco Kasneci's claim for benefits under Michigan's No-Fault Insurance Act, Mich. Comp. Laws Ann. §§ 500.3101 *et*

*seq.* Those benefits all stemmed from Kasneci's March 20, 2007 motor vehicle accident. Although this case initially concerned only the settlement agreement between the parties, Kasneci subsequently filed counterclaims seeking to recoup other benefits under the No-Fault Act.

While this litigation was pending, Kasneci brought a second action against IDS, which was removed to this court January 12, 2016. Case No. 16-10095 ("the Second Case"), was originally assigned to Judge Terrence Berg and has now been re-assigned to this court as a companion to the original suit ("the First Case") filed in 2013. In the Second Case, Kasneci seeks payment for allegedly overdue No-Fault benefits stemming from the same March 20, 2007 motor vehicle accident. In addition, the court notes that Ameriprise Auto and Home Insurance Company, d/b/a IDS, the defendant in the Second Case, has filed a motion to consolidate with this, the First Case.

## LAW AND ANALYSIS

Rule 42(a) of the Civil Rules of Civil Procedure provides the following:

**Consolidation.** If actions before the court involve a common question of law or fact, the court may:

(1) join for hearing or trial any or all matters at issue in the actions;

(2) consolidate the actions; or

(3) issue any other orders to avoid unnecessary cost or delay.

In determining whether cases involving common questions of law or fact should be consolidated, a court should weigh the interests of judicial economy against the potential for new delays, expense, confusion or prejudice. See Banacki v. One West Bank, FSB, 276 F.R.D. 567, 571 (E.D. Mich. 2011).

> Thus, the decision to consolidate is one that must be made thoughtfully, with specific reference to the factors identified above. Care must be taken that consolidation does not result in unavoidable prejudice or unfair advantage. Conservation of judicial resources is a laudable goal. However, if the savings to the judicial system are slight, the risk of prejudice to a party must be viewed with even greater scrutiny.

Cantrell v. GAF Corp., 999 F.2d 1107, 1011 (6th Cir. 1993).

In this case there exist common questions of law and fact. Despite the fact that the First Case was brought to enforce a settlement agreement, the counterclaims in that case involve Kasneci's rights to benefits under Michigan's No-Fault Act. Likewise, his claims in the Second Case are for benefits stemming from the same 2007 auto accident. Although his counterclaims in the First Case and claims in the Second Case cover two different time periods, this factor weighs in favor of consolidation in order to prevent the possibility of inconsistent results.

After finding that common issues of law and fact exist, the court finds that the slight risk of prejudice to Kasneci--that potential benefit payments may be further delayed--is outweighed by avoiding the possibility of inconsistent results, as well as promoting efficient use of resources for both legal counsel and the court.

# **ORDER**

It is hereby **ORDERED** that IDS's March 7, 2017 motion to consolidate is **GRANTED.**

            s/John Corbett O'Meara
            United States District Judge

Date: May 22, 2017


I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, May 22, 2017, using the ECF system.

            s/William Barkholz
            Case Manager